UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**DESIRRAE MCCARTHY,**
**Plaintiff,**

**v.** **Case No. 26-cv-2071**

**K9 WONDERLAND LLC,**
**and**
**RACHEL WEISS**
**Defendants.**

---

# COMPLAINT

---

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the United States District Court for the Eastern District of Wisconsin, Milwaukee Division under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. Plaintiff Desirrae McCarthy ("Plaintiff") is an adult resident of Milwaukee County in the State of Wisconsin.

4. Defendant K9 Wonderland LLC ("K9 Wonderland"), is a domestic limited liability company with its principal place of business at S81W19079 Apollo Drive, Muskego, Waukesha County, Wisconsin 53150.

5. Defendant K9 Wonderland operates a dog grooming and dog daycare business in Muskego, Waukesha County, Wisconsin.

6. Defendant K9 Wonderland's registered agent for service of process in the State of Wisconsin is Rachel Marie Weiss located at 10625 S. Jessica Drive, Oak Creek, Milwaukee County, Wisconsin 53154.

7. Defendant Rachel Marie Weiss ("Weiss") is an adult resident of Wisconsin residing at 10625 S. Jessica Drive, Oak Creek, Milwaukee County, Wisconsin 53154.

8. Weiss owns K9 Wonderland. As such, Weiss acted directly or indirectly in the interest of K9 Wonderland in relation to Plaintiff.

9. Defendant K9 Wonderland and Defendant Weiss were joint employers of Plaintiff and will be collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendants as a dog groomer at their Muskego, Waukesha County location.

11. Plaintiff regularly processed customer credit-card transactions through Square via the internet in performing her work.

12. Plaintiff also maintained appointments through email and kept track of all services using Google Sheets.

13. Plaintiff regularly used the internet in performing her work for Defendants.

14. On information and belief, K9 Wonderland's annual gross volume of business was at least $500,000 during the relevant period.

15. Plaintiff began working for Defendants on September 30, 2025. Her last day physically worked was June 18, 2026, and she resigned on July 7, 2026.

16. Defendants agreed to pay Plaintiff 50% of the amounts paid to K9 Wonderland for grooming services Plaintiff performed.

17. Defendants also agreed to pay Plaintiff 100% of the tips customers paid for her services.

18. Customers paid K9 Wonderland for Plaintiff's services and credit-card tips through its Square payment system.

19. Plaintiff recorded her services, charges, and tips in spreadsheets shared with Weiss to track the compensation owed.

20. Defendants repeatedly failed to pay Plaintiff her earned compensation when due.

21. During the first workweek of June 2026, Plaintiff worked forty hours for Defendants.

22. Defendants paid Plaintiff zero dollars for those forty hours of work.

23. Defendants failed to pay Plaintiff minimum wages for those hours.

24. Defendants paid Plaintiff no wages for the workweeks from May 2, 2026, through her last day physically worked on June 18, 2026.

25. Defendants also failed to pay Plaintiff the commissions and tips owed under the parties' compensation agreement.

26. As of July 1, 2026, Defendants owed Plaintiff $5,252.10 in unpaid agreed upon wages.

27. Defendants issued a payroll payment of $5,252.10 gross via a check dated July 17, 2026, and was payable to Plaintiff in the amount of $3,454.50.

28. The accompanying earnings statement reported $5,252.10 in gross commissions, $1,797.60 in tax withholdings, and $3,454.50 in net pay.

29. Plaintiff deposited the check at Summit Credit Union on July 10, 2026.

30. On or about July 15, 2026, Weiss stopped payment on the check, and Summit Credit Union reversed the deposit and withdrew the funds from Plaintiff's account.

31. Plaintiff informed Weiss that the check had been returned for stop payment and requested payment of her wages.

32. Gusto, Defendants payroll service, confirmed that the July 17 payroll run had not been canceled in its system and that it did not control bank-level stop-payment requests on physical checks.

33. Despite Plaintiff's requests, Defendants failed to replace the stopped payment, leaving $3,454.50 in net wages unpaid.

34. Plaintiff filed a wage complaint with the Wisconsin Department of Workforce Development, Case No. LS202601572. DWD's October 15, 2026 notice

required an employer response by October 30, 2026. Defendants have not responded or paid Plaintiff, and DWD has not issued a determination.

35. Weiss owned K9 Wonderland and controlled its day-to-day human resources and compensation practices, including Plaintiff's rates and methods of compensation, payroll processing, bank accounts, and the stopping of payment on checks.

36. Weiss acted directly or indirectly in K9 Wonderland's interest in relation to Plaintiff and knowingly caused the failure to pay Plaintiff her earned wages.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

38. Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

39. Defendants have been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

40. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

41. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than $7.25 per hour.

42. Plaintiff was not exempt from the minimum pay requirements of the FLSA.

43. Defendants did not compensate Plaintiff at the applicable minimum wage rate for each hour Plaintiff worked.

44. The foregoing practice violates the FLSA.

45. Defendants' violation of the FLSA was willful.

46. Plaintiff suffered wage loss because of this violation.

## SECOND CLAIM FOR RELIEF: FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF WISCONSIN LAW

47. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48. Defendants have been, and continue to be, employers within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2).

49. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 104.01(2) and 109.01(1r).

50. Wisconsin law requires employers to pay all non-exempt employees at a rate of not less than $7.25 per hour.

51. Plaintiff was not exempt from the minimum pay requirements of Wisconsin law.

52. Defendants did not compensate Plaintiff at the applicable minimum wage rate for all hours worked.

53. The foregoing practice violates Wisconsin law.

54. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

55. Plaintiff suffered wage loss because of this violation.

THIRD CLAIM FOR RELIEF:
**FAILURE TO PAY AGREED UPON WAGES IN VIOLATION OF THE WISCONSIN LAW**

56. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

57. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. § 109.01(2).

58. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r).

59. Wisconsin law requires an employer to pay employees all agreed upon wages.

60. Defendants agreed to pay Plaintiff 50% of the amounts paid for grooming services she performed and 100% of the tips customers paid for her services.

61. Defendants failed to pay Plaintiff all commissions and tips earned under this agreement, including the $3,454.50 in net wages represented by the stopped check.

62. On information and belief, Defendants did withhold the taxes for the payment.

63. The foregoing practice violates Wisconsin law.

64. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

65. Plaintiff suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff respectfully requests the following relief:

A. Judgment against Defendants for unpaid minimum wages and agreed upon wages, including $3,454.50 in unpaid net wages, and any additional unpaid wages established at trial, without duplicate recovery of the same wages.

B. An award of liquidated damages and civil penalties as permitted by applicable law;

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D. Such further relief as the Court deems just and equitable.

Dated: November 6, 2026.

*s/Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Connor J. Clegg, SBN 1118534
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217-5470
Telephone: (414) 271-8650
Fax: (414) 607-6079
Email: ljohnson@hq-law.com
cclegg@hq-law.com